NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
------------------------------------------------------x
                                           :
PHARMACEUTICAL RESOURCES, INC.             :
and PAR PHARMACEUTICALS, INC.,             :
                                           :
        Plaintiffs,                        :        Civ. No. 03-3357 (DRD)
                                           :
        v.                                 :
                                           :            OPINION
ROXANE LABORATORIES, INC.,                 :
                                           :
        Defendant                          :
                                           :
------------------------------------------------------x
```

Arnold B. Calmann, Esq.
Jeffrey Soos, Esq.
SAIBER SCHLESINGER SATZ & GOLDSTEIN LLC
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311

Edgar H. Haug, Esq.
Daniel G. Brown, Esq.
Kevin Murphy, Esq.
Stephen J. Lieb, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151

        Attorneys for Plaintiffs

Gregory Miller, Esq.
PODVEY, MEANOR, CATENACCI, HILDNER, COCOZIELLO & CHATTMAN P.C.
The Legal Center
One Riverfront Plaza - 8th Floor
Newark, New Jersey 07102-5497

1

Martin B. Pavane, Esq.
Mindy H. Chettih, Esq.
James P. Doyle, Esq.
COHEN, PONTANI, LIEBERMAN & PAVANE
551 Fifth Avenue
New York, New York 10176

      Attorneys for Defendant


**DEBEVOISE, Senior District Judge**


      Presently before the Court is Plaintiffs', Pharmaceutical Resources, Inc. and Par

Pharmaceutical, Inc. (together "Par"), motion, pursuant to FED. R. CIV. P. 59(e) and L. CIV. R.

7.1(g), requesting the Court to reconsider its denial of Plaintiffs' motion to dismiss for failure to

state a claim, two counterclaims and two affirmative defenses raised in Defendant's, Roxane

Laboratories, Inc. ("Roxane"), Amended Answer, Affirmative Defenses and Counterclaims

("Answer").  For the reasons set forth below, the Court will deny Par's motion for

reconsideration.


## I. Background

      The facts relevant to Par's motion to dismiss and to the present motion for

reconsideration were recounted in the Court's March 31, 2005 Opinion ("Opinion") that

accompanied the challenged Order; and there is no need to repeat them here.  This action arises

out of alleged patent infringement.  The subject of the particular action which Par seeks to have

reconsidered are two affirmative defenses and two counterclaims alleging the unenforceability of

the '318 and '320 patents by reason of Par's inequitable conduct.

      Par moved to dismiss requesting the Court to hold that Roxane failed to state a claim

within its affirmative defenses and counterclaims alleging Par engaged in inequitable conduct.  In

its Opinion and Order, the Court denied Par's motion.  The Court found that based on the

evidence contained in the record, further discovery was necessary before dismissing the subject

affirmative defenses and counterclaims.

## II. <u>Discussion</u>

In New Jersey, a motion for reconsideration is governed by L. CIV. R. 7.1(g), which

provides in part: "There shall be served with the notice a brief setting forth concisely the matters

or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked."  L.

CIV. R. 7.1(g).

Whether to grant a motion for reconsideration is wholly within the district court's

discretion. *Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *Artista Records, Inc. v. Flea World,*

*Inc.*, 356 F.Supp.2d 411, 415 (D.N.J. 2005); *Williams v. Sullivan*, 818 F.Supp. 92, 93 (D.N.J.

1993).  The standard a party must meet to succeed on a motion for reconsideration is quite high;

and success on the motion is to correct manifest errors of law or fact, to present newly discovered

evidence, *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), or where facts or legal

authority were presented but overlooked. *Croker v. Boeing Co.*, 662 F.2d; *Artista Records, Inc. v.*

*Flea World, Inc.*, 356 F.Supp.2d at 415; *Williams v. Sullivan*, 818 F.Supp. at 93.  Motions for

reconsideration are granted sparingly, *Bowers v. NCAA*, 130 F.Supp. 2d 610 (D.N.J. 2001), and

only when dispositive factual matters or controlling decisions of law were brought to the court's

attention but not considered.  *McGarry v. Resolution Trust Corp.*, 909 F. Supp. 241, 244 (D.N.J.

1995).  A motion for reconsideration may be granted if: (1) an intervening change in the

controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  On a motion for reconsideration, it is improper for a party to "ask the court to rethink what it had already thought through--rightly or wrongly," *In re Tutu Wells Contamination Litig.*, 162 F.R.D. 81, 88 (D.V.I. 1995), and "in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland*, 744 F.Supp. 1311, 1314 (D.N.J. 1990).

In its moving brief, Par neither alleges an intervening change in controlling law, nor does it allege facts that were not previously available to them.  Instead, Par's motion is based on the third ground.  Specifically, Par asserts:

> It is clear that the fulcrum of the Court's conclusion that the "circumstances described" were sufficient to defeat Par's Motion, was its following finding:
>
>> [A] significant event is that Par learned that its '261 application was assigned to a different examiner, Examiner George and that thereupon Par filed a preliminary amendment in the '261 application which added to that application claims substantially similar to the broad claims Examiner Kulkosky had finally rejected in the '241 application. (Opinion at 12).

(Par Brief at 1).

Par is correct that Roxane did not allege that Par knew of Examiner George's appointment before it filed its Second Preliminary Amendment, and it has filed the Declaration of its attorney identifying Patent Office records that fail to provide evidence that Par learned that Examiner George had been assigned to the case before the filing of that Amendment.  The Court will stretch a point and consider the new evidence, even though such evidence is not usually

considered on a motion for reargument.

Roxane argues that despite the lack of evidence in the Patent Office records other evidence may ultimately show that Par learned of Examiner George's assignment before filing its Second Preliminary Amendment.  That argument is too speculative.  It is apparent that the Court read too much into the pleadings, and the sentence upon which Par bases its motion should not have appeared in the Opinion.  That being said, Par errs when it asserts that the sentence constituted the "fulcrum" of the Court's conclusion.

The "fulcrum" of the Court's conclusion was "that at no time during the prosecution of the '261 application did Par advise Examiner George of Examiner Kulkosky's prior final rejection of substantially similar claims," and "that at no time during the prosecution of the '823 application did Par advise Examiner George of Examiner Kulkosky's prior final rejection of substantially similar claims..." (Opinion at 4-5).  The centrality of this failure to the Court's denial of Par's motion should be apparent from I) the chronological recital of the prosecution of the applications before Examiners Kulkosky and George (Opinion at 3-5) and ii) the discussion of the cases relevant to the issue whether failure to disclose a critical determination of another examiner could form the basis for a finding of materiality and intent (Opinion at 8-12).

While the "[o]ne episode in the midst of the sequence of events" (Opinion at 12) would be a factor that could point to an intent to deceive, its elimination in no way alters the Court's basic conclusion that "[t]he sequence of events *as alleged* in the affirmative defenses and counterclaims is sufficient to preclude granting Par's motion to dismiss for failure to state a claim.  According to *Roxane's allegations* Par prosecuted substantially similar claims before two examiners without informing one of them that the other had discharged broader claims." (Opinion at 12)

5

(emphasis added).


### III. Conclusion

Par's motion for reconsideration will be denied.  Plaintiffs have not shown an intervening change in the controlling law, newly available evidence, or that the Court overlooked dispositive factual matters or controlling decisions of law.  The Court's Opinion did not depend upon the unalleged and unsupported factor to which the Court referred.  For the reasons set forth herein, Par's motion for reconsideration is denied.  An appropriate order will be entered.


_____
                            /s/ Dickinson R. Debevoise
                            DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: May 10, 2005

6