**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PHARMACEUTICAL RESOURCES, INC.
and PAR PHARMACEUTICALS, INC.,

                    Plaintiffs,                           Civ. No.  03-3357 (DRD)


v.                                                        **O P I N I O N**


ROXANE LABORATORIES, INC,

                    Defendant.

Arnold B. Calmann, Esq.
Jefrey Soos, Esq.
SAIBER LLC
One Gateway Center, 13th Floor
Newark, New Jersey 07102

Edgar H. Haug, Esq.
Porter F. Fleming, Esq.
Sandra Kuzmich, Esq.
Stephen J. Lieb, Esq.
FROMMER LAWRENCE & HAUG, LLP
745 Fifth Avenue
New York, New York 10151

        *Attorneys for Plaintiffs*

Gregory D. Miller, Esq.
PODVEY, MEANOR, CATENACCI,
HILDNER, COCOZIELLO & CHATTMAN
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102

Martin B. Pavane, Esq.
Edward V. DiLello, Esq.
Edward M. Reiser, Esq.
Mher Hartoonian, Esq.
COHEN POTANI LIEBERMAN & PAVANE, LLP
551 Fifth Avenue
New York, New York 10176
      *Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

Defendant, Roxane Laboratories, Inc., ("Roxane") moved to tax costs against Plaintiffs,

Pharmaceutical Resources, Inc., and Par Pharmacauticals, Inc. ("Par"), pursuant to Rule 54 of the

Federal Rules of Civil Procedure and Local Civil Rule 54.1.  The Clerk granted the motion in part

and denied the motion in part, taxing costs in favor of Roxane in the amount of $47,951.20.

Roxane appeals the Clerk's denial of costs for most of the deposition and hearing transcripts, i.e.,

those transcripts not cited to in summary judgment briefs, transcripts for pre-trial hearings, and

videotaped depositions.

Roxane's appeal will be denied in part and granted in part.

## I.  BACKGROUND

The background to this case is set forth in the Court's November 8, 2006 Opinion.  Only

the details necessary for this decision will be discussed here.

Par brought suit against Roxane for infringement of certain claims of U.S. Patent No.

6,593,318 and U.S. Patent No. 6,593,320.  Roxane counterclaimed for declaratory judgment that it

did not infringe either patent, that the patents are invalid, and that the patents are unenforceable

due to inequitable conduct.  On December 19, 2006, the court entered a final judgement granting

Roxane's motion for summary judgment of invalidity for lack of enablement and dismissed all

2

remaining counterclaims in the case.  The Federal Circuit affirmed the judgment.

On December 20, 2006, Roxane moved for costs, requesting $108,618.00.  Par filed an opposition brief on December 28, 2006.  Deputy Clerk, John T. O'Brien, arranged a telephone conference on February 6, 2008, during which he heard the parties and made preliminary findings on Roxane's costs motion.  On February 22, 2008, the Clerk entered an Order granting Roxane $47,951.20 in costs.  The Clerk denied the rest of the costs.  Specifically, he denied the recovery of expenses for certain depositions not cited in Defendant's summary judgment brief.  He determined that the costs of the status conference transcripts before the Magistrate Judge and the motion hearing transcripts before the district court were for convenience of counsel and, therefore, not taxable under 28 U.S.C. § 1920.  Likewise, the costs associated with video depositions were denied because the Clerk found them unnecessary for use in the summary judgment proceedings. Roxane appeals the Clerk's denial of costs for the remaining deposition and hearing transcripts, transcripts for pre-trial hearings, and videotaped depositions.

## II.  DISCUSSION

### A.  Standard of Review

The district court reviews a clerk's grant of costs de novo.  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 453 (3d Cir. 2000).  "The clerk of court's role in taxing costs awards, while quasi-judicial, is essentially ministerial.  This fact . . . underscores why it is important that district courts retain the discretion to assess independently the factual record," whether the record consists of new evidence or old.  Id.

Federal Rule of Civil Procedure 54(d)(1) states "unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the

3

prevailing party."[1]  28 U.S.C. § 1920 defines which costs are taxable:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses, and costs of special interpretation services under section 1828 of this title.

While a court does have discretion as to which costs it grants, it may not shift costs beyond those found in §1920 without express statutory authorization to do so.  Adams v. Teamsters Local 115, No.99-4910, 2007 U.S. Dist. LEXIS 51463, at *32 (E.D.Pa. July 17, 2007) (citing Crawford Fitting Co. V, J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987).  Additionally, Local Civil Rule 54.1 "set[s] forth the general rules . . . to follow in taxing costs" under § 1920.  L. Civ. R. 54.1 cmt. 4.  Therefore, while a prevailing party is entitled to costs under Rule 54 of the Federal Rules of Civil Procedure, "those costs often fall short of the party's actual litigation expenses."  In re Paoli, 221 F.3d at 458 (citation omitted).

**B.  Transcripts Necessarily Obtained for Use in the Case**

This court's L. Civ. R. 54.1 governs assessment of costs in this District.  Pertinent to issues on this motion is L. Civ. Rule 54.1(g)(7):

In taxing costs the Clerk shall allow all or part of the fees and charges incurred in

---

[1] Rule 54(d) previously stated, costs "shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  Garonzik v. Whitman Diner, 910 F.Supp. 167, 168 (D.N.J. 1995).  "The language of Rule 54 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only."  Fed. R. Civ. P. 54 advisory committee's note on 2007 amendments.

the taking and transcribing of depositions used at trial under Fed. R. Civ. P. 32.
Fees and charges for the taking and transcribing of any other depositions shall not
be taxed as costs unless the Court otherwise orders.

Section 1920 had been interpreted as permitting the taxation of costs for depositions used

in deciding summary judgment motions, In re Baby Food Antitrust Litigation, 166 F.3d 112, 138

(3d. Cir. 1999), and under L. Civ. R. 54.1(g)(7), even if a deposition is not used at trial, if "the

Court otherwise orders," the taking and transcribing of depositions may be taxed as costs.  Thus,

the deposition costs that the Clerk awarded are permissible both under § 1920 and L. Civ. R.

54.1(g)(7).

The principle issue here is whether § 1920 permits or requires taxation of costs for

depositions that were neither used at trial or in connection with a summary judgment motion.  To

the extent that L. Civ. R. 54(g)(7) conflicts with § 1920, the Local Rule must give way,  Id. at 139;

however, there is no obvious conflict, because the discretionary authority conferred by Rule

54.1(g)(7) enables the court to comply with any statutory mandate.

The statutory mandate in this case is that taxable costs include "fees of the court reporter

for all or any part of the stenographic transcript necessarily obtained for use in the case"

(emphasis added).  28 U.S.C. § 1920(4).

In addition to costs it has already been awarded, Roxane seeks costs for all depositions not

cited in summary judgment briefs, costs of hearing transcripts, and costs of videotaped

depositions for which there are stenographic transcripts.

Roxane maintains that all depositions and hearing transcripts, not just those used in

connection with the summary judgment motions, were "necessarily obtained for use in this case."

It is reasonable to assume that if a deposition was referred to in a dispositive summary judgment

motion that it was necessarily obtained for use in this case.  Thus the cost of the nine deposition

transcripts totaling $14,605.81 allowed by the Clerk is appropriate.

In this case, Par took the depositions of eight persons who at some point worked for

Roxane and Roxane's expert witnesses.  Roxane took twelve depositions of Par personnel,

depositions of Par's outside counsel involved in the prosecution of the patents-in-suit, depositions

of Par's expert witnesses and the deposition of a third party who worked for the company that

manufactured an excipient (Avicel ®) that Roxane uses in the formulation accused of

infringement.  It is reasonable to conclude that the depositions of the expert witnesses were

necessarily obtained for use in this case because issues such as infringement, obviousness,

anticipation, and indefiniteness would likely be resolved on the basis of their testimony, which

would have to be studied and analyzed.

The necessity of the deposition testimony of the other deponents is not obvious.  Roxane

relies on such reasons as limiting a witness's exposure to impeachment, to prepare for trial and to

explore prosecution of the patent.  No particularized basis of necessity was provided with respect

to these deponents and the Clerk appropriately did not award costs with respect to these

depositions.  The amount sought for video taping twenty-one depositions ($18,175.62) was

properly rejected, as the videotaping was not necessarily obtained for use in this case.

**1. Deposition Transcripts**

Roxane was granted costs of all depositions necessary for use in the summary judgment

proceedings.  It now seeks reimbursement of costs of deposition transcripts not cited in its brief

for summary judgment.  The Clerk concluded, and the Court agrees, that the depositions used in

connection with the summary judgment motion were reasonably necessary and the Court has

6

concluded that the transcripts of the experts' testimony was necessary.  However, Roxane has not

established that the other deposition transcripts are reasonably necessary, and consequently, they

are not taxable.  Adams, 2007 U.S. Dist. LEXIS 51463, at *32.

A federal court may tax costs "for all or any part of the stenographic transcript necessarily

obtained for use in the case."  28 U.S.C. § 1920.  According to Local Civil Rule 54.1, a deposition

transcript is necessary for use in the case if the deposition "is used at trial under Federal Rule of

Civil Procedure 32."[2]  L. Civ. R. 54.1(g)(7).  While essentially any use of the transcript to

examine a witness at trial or in a hearing will render the deposition costs taxable, Rule 32 and

New Jersey Local Rule 54.1(g)(7) are typically read broadly to allow costs beyond those

depositions actually used at trial.  L. Civ. R. 54.1 cmt. 4e.

In re Baby Food Antitrust Litigation, 166 F.3d at 138-39 (3d. Cir. 1999), the Court of

Appeals acknowledged this broad interpretation, holding that the deposition transcripts used in

summary judgment motions are "necessarily obtained" within the meaning of the statute.  Id. at

138.  Therefore, costs of depositions necessary for summary judgment are taxable even though the

case did not go to trial.  Id.  The court in Fitchett v. Stroehmann Bakeries, Inc., 1996 U.S. Dist.

LEXIS 1168, at *12 (E.D. Pa. Feb. 1, 1996) disallowed costs associated with depositions

irrelevant to and without effect on the district court's decision of the summary judgment motion.

Finally, costs for depositions obtained for the convenience of counsel or for investigatory or

discovery purposes may not be taxed.  Adams v. Teamsters Local 115, No.99-4910, 2007 U.S.

Dist. LEXIS 51463, at *32 (E.D.Pa. July 17, 2007).

---

[2] Rule 32 of the Federal Rules of Civil Procedure governs the uses of depositions in court
proceedings.

Roxane contends that all of its depositions were taken in anticipation of trial and therefore, reasonably necessary for drafting pretrial motions and for preparing the summary judgment motion.  It also states that it would have needed to use all of its other depositions if its summary judgment motion had been dismissed and the case had gone to trial.  Roxane relies on several cases from other circuits in making such an argument: Mother and Father v. Cassidy, 338 F.3d 704, 712 (7th Cir. 2003) (costs awarded despite voluntary dismissal before trial); Callicrate v. Farmlands Inds., Inc., 139 F.3d 1336, 1341 (10th Cir. 1998) ("The fortuitous result of dismissal for lack of jurisdiction should not alter the fact that the costs requested here relate to expenses that, when incurred, appeared reasonable necessary in order to adequately prepare defendant's case for trial and to provide adequate grounds for the filing of pretrial motions."), and Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989) ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling.").  These cases illustrate that under both the statute and the local rule a district court must exercise its discretion in determining what costs are necessarily obtained for use in the case, or when taxing costs for depositions transcripts, the court should "otherwise order."  The Court has exercised its discretion as stated above.

Roxane suggests that by denying the other deposition costs it seeks, the court penalizes it for winning in the early stages of litigation since it could have moved for summary judgment on several grounds, citing several other depositions.  In making such an assertion, Roxane relies on In re Baby Food in which the court granted costs for depositions used in deciding the summary judgment proceeding in order to prevent the prevailing party from being penalized.  166 F.3d at 138-39.  However, the court did not grant costs to the prevailing party for depositions that were not used in deciding the summary judgment as Roxane implies.  Id.  Rather, In re Baby Food

8

broadened the local rule "to permit the taxation of costs for depositions used in deciding summary

judgment motions." Id.

### 2. Videotaped Deposition Transcripts

Roxane also seeks the costs for videotaped deposition transcripts which the Clerk denied.

While § 1920 allows costs to be taxed for stenographic transcript "necessarily obtained for use in

the case," it does not explicitly allow for video deposition transcripts to be taxed.   28 U.S.C. §

1920(2).  In Garonzik v. Whitman Diner, 910 F. Supp. 167, 171 (D.N.J. 1995), the court

permitted the taxation of costs associated with preparation and playback of videotaped

depositions, "as long as the use of the videotape was reasonably necessary to the trial."  See also,

Tinton v. Capital Cities/ABC, Inc., 115 F.3d 1471 (10th Cir. 1997) (allowing video transcripts to

be taxed if necessarily obtained for use in the case as required by § 1920(2)).

In the event that video transcripts are necessary, either video or stenographic transcripts,

not both, should be taxed unless both formats are individually necessary for use in the case.

Cherry v. Champion Intern Corp., 186 F.3d 442 (4th Cir. 1999) (finding prevailing party must

articulate why both videotaped and stenographic transcripts are necessary for trial in order to be

awarded costs for both formats).  Necessity for use at trial means more than for convenience of the

party or duplication.  Cherry, 186 F.3d at 449.  However, the court in Garonzik held that if the

videotape is necessarily obtained for use in the case, a transcript of the deposition is also

necessarily obtained since video may be hard to follow and is easily destroyed.  910 F. Supp. at

172.

In this case, the Clerk found only the stenographic depositions necessary for use in

summary judgment.  Costs for those depositions were granted.  The videotapes were not displayed

to the court during the proceeding and were not used in the determination of the summary

judgment motion or for any other purpose.  Their necessity for additional use has not been

established.  Therefore, unlike in <u>Garonzik</u> where the videotapes were presented as evidence and

played for the court, Roxane's videotaped depositions were not independently necessary for the

determination of the summary judgement.  <u>See</u> <u>Garonzik</u>, 910 F. Supp. at 171.  As such, the

Clerk's order denying the costs of the videotaped depositions will be upheld.

### 3. Hearing Transcripts

Finally, Roxane seeks costs for hearing transcripts which were denied by the Clerk.

Section 1920 allows "[f]ees of the court reporter for all or any part of the stenographic transcript

necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  Local Rule 54.1 specifically

defines which transcripts are necessarily obtained by allowing the cost of a court reporter's

transcript to be taxed "only (A) when specifically requested by the Judge, master, or examiner, or

(B) when it is of a statement by the Judge to be reduced to a formal order, or (C) if required for

the record on appeal."  L. Civ. R. 54.1(g)(6).

Roxane challenges the failure to award costs for obtaining copies of twelve transcripts of

proceedings that took place in court - eight before the Magistrate Judge concerning scheduling and

discovery disputes and four concerning proceedings before the district court, namely <u>Markman</u>

and summary judgment hearings.  The transcripts of conferences and hearings before the

Magistrate Judge were not necessarily obtained for use in this case.  The transcripts of the motion

to dismiss ($200), the <u>Markman</u> hearing ($1,500), and the motion for summary judgment

($897.60) were necessarily obtained for use in the case.  It is my usual practice to request

transcripts of such hearings, and their costs will be allowed.  The costs of transcripts of other

proceedings will be disallowed.

The court's acceptance of a submitted transcript does not constitute a request and is not taxable. L. Civ. R. 54.1(g)(6). Unless there is a prior court order, copies of transcripts for an attorney's own use are not taxable. Id. Any additional "transcripts of hearings, pretrials, and trials will be considered . . . to be for the convenience of the attorney and not taxable as costs." Id. Moreover, the comments to the Local Civil Rules explain that

> [i]n submitting a Bill of Costs to the Clerk which includes a request to tax costs of transcripts, it is essential to specify how the transcript was used. Absent evidence of a request from the Court for the transcript or proof by way of supporting affidavit that the transcript was used in a way that gives rise to an entitlement to a costs award, it is the practice of the Clerk to deny the request.

L. Civ. R. 54.1 cmt.4(e). The court in Garonzik denied costs for trial transcripts because the prevailing party had failed to show that it was entitled to the transcripts under the Local Civil Rules. 910 F. Supp. at 172.

Roxane contends that since Local Rule 72.1 requires "the party filing an appeal [from a magistrate's order] shall provide to the Court a transcript of that portion of the hearing before the Magistrate Judge wherein findings of fact were made," those transcripts submitted with its appeal were necessarily obtained and therefore, taxable. Although Roxane did file this appeal from the Clerk's grant of costs, it has not appealed any Magistrate Judge's decision. Therefore, those transcripts cannot be taxed as costs under Local Civil Rule 54.1(g)(6).

Roxane also argues that it was necessary to submit copies of hearing transcripts to the Court of Appeals as part of the Joint Appendix. However, Roxane fails to indicated why those transcripts were necessary on appeal or whether the court requested or required the transcripts to be filed as supplements to the appeal as is necessary under the Local Civil Rules. Acceptance of

11

a submitted transcript by the Court of Appeals does not constitute a request.  L. Civ. R. 54.1(g)(6).

Absent evidence of a request from the Court for the transcript or proof by way of supporting

affidavit that the transcript was used in a way that gives rise to an entitlement to a costs award, it

is the practice of the Clerk to deny the request.  L. Civ. R. 54.1 cmt.4(e).  Following this practice

in this case as to the transcripts of the hearings before the Magistrate Judge was appropriate.

### III.  CONCLUSION

The Clerk's grant of costs will be affirmed with the following exceptions:

The deposition transcripts relating to the following expert witnesses shall be allowed as

costs:

| | |
|---|---|
| S. Chambers | $729.00 |
| G. Rausser | $1,286.75 |
| A. Steiner | $1,067.75 |
| C. Lawton | $1,912.50 |
| E. Matijevic | $891.25 |
| E. Matijevic | $1,145.25 |
| M. Adelman | $936.20 |
| R. van Breemen | $1,375.75 |
| (A. Klibanov | $1,777.00)[3] |
| (H. Brittain | $1,680.20) |
| (Y. Pramar | $1,891.50) |
| Total | $9,344.45 |

The transcripts of the following hearings shall be allowed as costs:

| | | |
|---|---|---|
| 05/04/2006 | Markman Hearing | $1,500.00 |
| 08/17/2006 | Motion for Rehearing and for Summary Judgment | $500.00 |

---

[3]The deposition costs for expert witnesses, A. Klibanov, H. Brittain, and Y. Pramar, have previously been awarded by the Clerk in his February 22, 2008 Order.  Those costs are being affirmed and thus, are not included in the total additional costs being awarded in this opinion.

10/11/2006 Motion for Summary Judgment      $897.60

_____

Total    $2,897.60

The Clerk's Order dated February 22, 2008 will be amended to award additional deposition transcript costs in the amount of $9,344.45 and hearing transcript costs in the amount of $2,897.60 for a total taxed costs in the amount of $12,242.05.  The Court will file an order implementing this opinion.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 24, 2008

13